UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN ASHLEY SAULS,<br><br>            Plaintiff,<br><br>    v.<br><br>COMPUTERSHARE, INC.,<br><br>            Defendant. | No.  2:24-cv-03164-DAD-AC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CONSOLIDATE CASES<br><br>(Doc. No. 21) |
| ERIN ASHLEY SAULS,<br><br>            Plaintiff,<br><br>    v.<br><br>COMPUTERSHARE, INC.,<br><br>            Defendant. | No.  2:25-cv-00048-DAD-AC |

This matter is before the court on defendant's motion to consolidate cases filed by defendant Computershare, Inc. on April 3, 2025, in *Sauls v. Computershare, Inc.*, 2:25-cv-03164-DAD-AC.  (Doc. No. 21.)  Specifically, defendant seeks to consolidate the following two related cases pending against defendant and before the undersigned:

/////

/////

/////

1

1 • *Sauls v. Computershare, Inc.* (2:24-cv-03164-DAD-AC) (the "Class Action"); and

2 • *Sauls v. Computershare, Inc.* (2:25-cv-00048-DAD-AC) (the "PAGA Action").[1]

Plaintiff filed the Class Action in the Sacramento County Superior Court on September 26, 2024. (Doc. No. 1-4 at 6.) Defendant removed that action to this federal court on November 11, 2024.[2] (Doc. No. 1.) Plaintiff filed the PAGA Action in the Sacramento County Superior Court on November 26, 2024. (*Sauls*, Doc. No. 1-4 at 5.) Defendant removed that action to this federal court on January 6, 2025. (*Sauls*, Doc. No. 1.) On April 17, 2025, plaintiff filed an opposition to defendant's motion to consolidate the above-mentioned cases. (Doc. No. 22.) Defendant filed a reply thereto on April 25, 2025. (Doc. No. 24.)

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

Defendant moves to consolidate the above-mentioned actions because, according to defendant: (1) both actions stem "from the same core facts and involve the same parties"; (2) both seek to represent identical class and representative members; (3) both actions make the same allegations of labor code violations; and (4) plaintiff will suffer no prejudice, delay or confusion by consolidation. (Doc. No. 21-1 at 6–9.)

In opposition, plaintiff contends that the two actions involves different parties "because in a PAGA action, Plaintiff is a proxy of the State of California." (Doc. No. 22 at 6.) She also

---

[1] On February 3, 2025, the court issued an order relating these cases. (Doc. No. 11); (*Sauls*, Doc. No. 9.)

[2] On September 30, 2025, the court issued an order granting defendant's motion for judgment on the pleadings in the Class Action, while also granting plaintiff leave to amend. (Doc. No. 29.) Pursuant to that order, plaintiff's first amended complaint, if any, in the Class Action is to be filed within twenty-one (21) days of the date of entry of that order. (*Id.* at 34.) Finally, plaintiff's motion to remand the Class Action to state court was denied. (*Id.*)

1  argues that consolidation is inappropriate because the Class Action covers a longer period of time
2  than the PAGA Action. (*Id.*) She further claims that the procedural requirements as to the two
3  actions differ substantially differ because the Class Action will require the court to certify the
4  putative class whereas in the "PAGA Action, Plaintiff can move immediately to trial." (*Id.* at 7.)
5  Furthermore, according to plaintiff, the "PAGA Action has claims involving different elements
6  than the Class Action. For example, non-PAGA penalties for California Labor Code § 226
7  violations require knowing and intentional violations and injury and non-PAGA penalties for
8  California Labor Code § 203 violations require showing of willfulness whereas PAGA penalties
9  do not." (*Id.*) Plaintiff alternatively argues that if the court concludes that consolidation of the
10 two actions is appropriate, the court should limit consolidation to "discovery and permit Plaintiff
11 to proceed toward trial in the PAGA Action and class certification in the Class Action." (*Id.* at
12 8.)[3] In reply, defendant indicates that it "does not object to consolidating the actions only for
13 pretrial purposes, including discovery and dispositive motion practice (e.g., motion for summary
14 judgment), while deferring on consolidation for trial until such dispositive motions are decided."
15 (Doc. No. 24 at 8–9.)

16      Here, the actions were filed three months apart and parties have yet to conduct extensive
17 discovery in either case. These considerations weigh in favor of consolidation. *Radford v.*
18 *Nexstar Broad., Inc.*, No. 24-cv-08118-RFL, 2025 WL 829601, at *6 (N.D. Cal. Mar. 14, 2025)
19 (finding the fact that a putative class action and PAGA action filed by the same plaintiff were in
20 early stages of litigation weighed in favor of consolidating the actions); *cf. Mongomery v. Target*
21 *Corp.*, No. 19-cv-04924-JGB-MRW, 2019 WL 8168064, at *4 (C.D. Cal. Sept. 20, 2019)
22 (declining to consolidate two actions where the cases were filed more than three years apart and
23 were at significantly different stages of discovery). Moreover, "PAGA claims are regularly tried
24 alongside or tethered to Labor Code claims." *Radford*, 2025 WL 829601, at *6. Additionally,
25 both cases involve the same named plaintiff, same defendant, and the same counsel representing

---

[3] In her opposition, plaintiff states that she "will soon file its Motion to Remand in the PAGA Action." (Doc. No. 22 at 3 n.2.) The court notes, however, that in the five months since she filed her opposition to defendant's motion to consolidate plaintiff has not filed a motion to remand the PAGA Action.

1  both parties.  "[T]hat PAGA suits and class actions involve different real parties in interest is

2  immaterial because consolidation does not merge the suit into a single cause, change

3  the rights of the parties, or make those who are parties in one suit parties in another." *Martinez v.*

4  *Sunnova Energy Corp.*, No. 24-CV-06346-MRA-MAR, 2025 WL 732350, at *9 (C.D. Cal. Mar.

5  7, 2025) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)), *appeal dismissed*

6  *sub nom. Martinez v. Sunnova Energy*, No. 25-2284, 2025 WL 1899099 (9th Cir. Apr. 17, 2025).

7  Furthermore, "[a] district court typically has broad discretion to consolidate actions when

8  they share common questions of law or fact." *Amaro v. Bee Sweet Citrus, Inc.*, No. 21-cv-00382-

9  JLT-HBK, 2022 WL 3567207, at *3 (E.D. Cal. Aug. 18, 2022) (internal quotation marks and

10 citations omitted).  Here, while the parties do not address this point, the court notes that in the

11 PAGA Action plaintiff asserts seven violations of the California Labor Code and one violation of

12 California Unfair Competition Law on behalf of herself in addition to PAGA penalties.  (Doc.

13 No. 21-1 at 44.)  Those eight causes of action are identical to the California Labor Code and

14 Unfair Competition Law violations that she asserts in her Class Action complaint.  (*Compare*

15 Doc. No. 1-4 at 6, *with* Doc. No. 21-1 at 44.); *Blackwell v. Com. Refrigeration Specialists, Inc.*,

16 No. 20-cv-01968-KJM-CKD, 2021 WL 2634501, at *6 (E.D. Cal. June 25, 2021) ("The set of

17 claims in one case is a near mirror of the other, with plaintiff positing only one additional theory

18 of recovery in the PAGA action that can be incorporated in an amended complaint.");[4] *In re*

19 *Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490

20 (C.D. Cal. 2012) (finding common questions of law and fact where plaintiffs all alleged that

21 defendant engaged in a particular kind of misrepresentation).  With the same named plaintiff in

22 both actions, there will be significant overlap in the underlying facts that are tied to these eight

23 causes of action.  Because both cases "involve the same parties, same counsel, and same

24 underlying facts, consolidation furthers the interest of judicial convenience because both actions

25 /////

26

27 [4] Plaintiff attempts to distinguish the decision in *Blackwell* on the grounds that the plaintiff there filed a "cursory opposition" that "cited no case law" or "meaningful legal theory." (Doc. No. 22
28 at 5.)  However, these circumstances did not alter the court's analysis in that case.

4

1  are dependent upon proof of the same underlying Labor Code violations." *Martinez*, 2025 WL
2  732350, at *8.

3      Having considered the parties' respective arguments, the court finds that the actions
4  involve the same or similar parties, claims, and questions of fact or law, and that consolidation
5  will avoid unnecessary costs and duplication of proceedings. The court is persuaded by plaintiff's
6  argument, to which defendant presents no opposition, that consolidation should be limited for
7  discovery purposes to allow the PAGA Action to proceed to trial and the Class Action to proceed
8  to class certification. (Doc. No. 22 at 8.) Thus, good cause exists to grant defendant's motion to
9  consolidate these cases for purposes of discovery. Because defendant does not object to deferring
10 on consolidation for purposes of trial, the court will deny without prejudice to refiling defendant's
11 motion to consolidate for purposes of trial.

12     Accordingly,

13     1.    Defendant's motion to consolidate the above-reference cases (Doc. No. 21) is
14         GRANTED IN PART and DENIED IN PART as follows:
15         a.    The above-referenced cases shall be consolidated for purposes of
16             discovery, pursuant to Rule 42(a);
17         b.    Should the parties wish to consolidate the above-referenced cases for all
18             purposes, including trial, they are directed to file further motions to
19             consolidate these cases at a later time, and no earlier than when a motion
20             for class certification is granted in the Class Action matter.
21     2.    The Clerk of the Court is directed to file this order in each of the above-referenced
22         cases; and
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

3.  Going forward, the parties and the Clerk of the Court are directed to file documents under only the lead case number. Future captions should indicate the lead case number followed by the member case number as follows:

   **Lead Case:**  **2:24-cv-03164-DAD-AC**

   **Member Case:** **2:25-cv-00048-DAD-AC**

IT IS SO ORDERED.

Dated:  **October 6, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6